IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

CASE NO. 2:13-CV-60-BO

| | |
|---|---|
| RED WOLF COALITION, DEFENDERS OF WILDLIFE, and ANIMAL WELFARE INSTITUTE, </br></br>Plaintiffs,</br></br>v.</br></br>JIM COGDELL, JOHN LITTON CLARK, JOE C. BARKER, III, WES SEEGARS, NAT T. HARRIS, JR., JOSEPH BUDD, DAVID W. HOYLE, JR., WENDELL (DELL) MURPHY, MARK CRAIG, THOMAS A. BERRY, GARRY SPENCE, JOHN T. COLEY, IV, VERNON (RAY) CLIFTON, JR., THOMAS L. FONVILLE, RICHARD EDWARDS, MICHELL HICKS, TIMOTHY L. SPEAR, in their official capacities as Commissioners of the North Carolina Wildlife Resources Commission; GORDON S. MYERS, in his official capacity as Executive Director of the North Carolina Wildlife Resources Commission,</br></br>Defendants. | **JOINT MOTION FOR MODIFICATION OF PRELIMINARY INJUNCTION AND STAY OF PROCEEDINGS** |

NOW COME Plaintiffs Red Wolf Coalition, Defenders of Wildlife, and Animal Welfare Institute ("Plaintiffs") and Defendants Jim Cogdell, John Litton Clark, Joe C. Barker, III, Wes Seegars, Nat T. Harris, Jr., Joseph Budd, David W. Hoyle, Jr., Wendell (Dell) Murphy, Mark Craig, Thomas A. Berry, Garry Spence, John T. Coley, IV, Vernon (Ray) Clifton, Jr., Thomas L.

Fonville, Richard Edwards, Michell Hicks, and Timothy L. Spear, in their official capacities as Commissioners of the North Carolina Wildlife Resources Commission, and Gordon S. Myers, in his official capacity as Executive Director of the North Carolina Wildlife Resources Commission ("Defendants"), collectively "the Parties," to jointly move this Court to (i) modify the Court's Preliminary Injunction to conform with the terms of Attachment A to the appended Settlement Agreement ("Agreement") (the Agreement is attached hereto as Exhibit A); and (ii) stay the proceedings in this matter. The Parties state as follows:

1. On October 17, 2013, Plaintiffs filed a Complaint contending that Defendants are in violation of the federal Endangered Species Act of 1973 ("ESA"), 16 U.S.C. §§ 1531, *et seq.*, and its implementing regulations, by authorizing coyote hunting in the five-county area of eastern North Carolina designated for the restoration of the endangered red wolf (hereinafter, "Red Wolf Recovery Area" or "Recovery Area").

2. On December 16, 2013, Plaintiffs sought a preliminary injunction enjoining Defendants from authorizing coyote hunting in the Red Wolf Recovery Area.

3. The Court held a hearing on Plaintiffs' motion for preliminary injunction on February 11, 2014. The Court subsequently appointed its own expert, Dr. Michael Chamberlain of the University of Georgia, to answer certain questions concerning red wolf and coyote populations in the Recovery Area. Dr. Chamberlain provided reports to the Court that were incorporated into the record. Dkt. #84 at 1. The Court held a second hearing on May 7, 2014, to provide an opportunity for the Parties to examine Dr. Chamberlain.

4. On May 13, 2014, the Court preliminarily enjoined coyote hunting pursuant to 15A NCAC 10B .0219 ("Coyote Hunting Rule") in the Recovery Area.

5. In its Order granting the preliminary injunction, the Court stated that "[e]ntry of this preliminary injunction on coyote hunting will support the exclusion of coyotes in the five-county red wolf recovery area by promoting breeding pairs of red wolves which, in conjunction with sterile placeholder coyotes, appear to effect a better deterrent to the increase in coyote population than an increase in coyote hunting deaths would." Dkt. #84 at 17. The Court stated that a "further intended benefit of this preliminary injunction is both the preservation and enhancement of the red wolf and deer populations in this area." Id.

6. This case was selected for mediation on October 24, 2013, pursuant to Local ADR Rule 101.1a. The Parties underwent mediation on August 13, 2014, with a mutually-agreed upon mediator, H. Glenn T. Dunn of Poyner Spruill in Raleigh, NC. The Parties reached substantial agreement at the August 13th session, and subsequently finalized a Settlement Agreement (Exhibit A).

7. The Parties consider the Agreement to be a just, fair, adequate, and equitable resolution of Plaintiffs' claims. Specifically, the Plaintiffs believe that the Settlement Agreement will prevent irreparable harm to red wolves by preserving and enhancing the red wolf population and supporting the exclusion of coyotes in the Recovery Area – exactly the benefits of the Preliminary Injunction identified by the Court. The Parties also believe that the Agreement balances the public interest in the recovery of the wild red wolf population with Defendants' ability to authorize coyote hunting.

8. In consideration of the Agreement between the Parties and Defendants' commitment to undertake rulemaking to regulate coyote hunting in the Recovery Area, the Parties respectfully request that the Court stay the proceedings in this matter and modify the

Preliminary Injunction to reflect the terms agreed upon by the Parties in Attachment A to the Settlement Agreement.

9. Under the terms of the Agreement, the Parties will file status reports with the Court every six (6) months for the duration of the stay.

10. District Courts are "vested with the inherent power to modify injunctions they have issued." Thompson v. U.S. Dep't of Hous. & Urban Dev., 404 F.3d 821, 825 (4th Cir. 2005); see also Benjamin v. Jacobson, 172 F.3d 144, 161 (2d Cir. 1999) ("The proposition that a court has the authority to alter the prospective effect of an injunction in light of changes in the law or the circumstances is, of course, well established.")

11. A District Court also has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983) (noting "inherent power in courts under their general equity powers and in the efficient management of their dockets" to issue a stay.). In this matter, the Court need not balance competing interests because the Parties are both requesting a stay. In addition, the stay would not be of indefinite duration because, under the terms of the Agreement, Plaintiffs will move to dismiss the case once Defendants have completed permanent rulemaking to modify the Coyote Hunting Rule.

12. In light of the fair, equitable, and just Agreement that was freely negotiated by the Parties, and which substantially and efficiently resolves Plaintiffs' claims in this matter, as described above, the Parties respectfully request that the Court modify its Preliminary Injunction and stay the proceedings until further action is taken by the Parties.

This the 22nd day of October, 2014.

Respectfully submitted,

/s/ Sierra B. Weaver
Sierra B. Weaver
sweaver@selcnc.org
N.C. Bar No. 28340
Derb S. Carter, Jr.
dcarter@selcnc.org
N.C. Bar No. 10644
Jack F. Dafoe
jdafoe@selcnc.org
N.C. Bar No. 45968

SOUTHERN ENVIRONMENTAL LAW CENTER
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
ATTORNEYS FOR PLAINTIFFS

ROY COOPER
Attorney General

By    /s/ Scott A. Conklin
Scott A. Conklin
Assistant Attorney General
sconklin@ncdoj.gov
N.C. Bar No. 28257

/s/ Michael E. Bulleri
Michael E. Bulleri
Assistant Attorney General
mbulleri@ncdoj.gov
N.C. Bar No. 35196

N.C. Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001
(919) 716-6600 phone
(919) 716-6767 fax
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2014, I electronically filed the foregoing Joint Motion for Modification of Preliminary Injunction and Stay of Proceedings with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to counsel for the Defendants.

This the 22nd day of October, 2014.

/s/ Sierra B. Weaver
Sierra B. Weaver