IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

CASE NO. 2:13-CV-60-BO

RED WOLF COALITION,
DEFENDERS OF WILDLIFE, and
ANIMAL WELFARE INSTITUTE,

    Plaintiffs,

v.

JIM COGDELL, JOHN LITTON CLARK,
JOE C. BARKER, III, WES SEEGARS, NAT
T. HARRIS, JR., JOSEPH BUDD, DAVID
W. HOYLE, JR., WENDELL (DELL)
MURPHY, MARK CRAIG, THOMAS A.
BERRY, GARRY SPENCE, JOHN T.
COLEY, IV, VERNON (RAY) CLIFTON,
JR., THOMAS L. FONVILLE, RICHARD
EDWARDS, MICHELL HICKS, TIMOTHY
L. SPEAR, in their official capacities as
Commissioners of the North Carolina
Wildlife Resources Commission; GORDON
S. MYERS, in his official capacity as
Executive Director of the North Carolina
Wildlife Resources Commission,

    Defendants.

**MOTION FOR VOLUNTARY DISMISSAL**

**[FED. R. CIV. P. 41]**

    NOW COME Plaintiffs Red Wolf Coalition, Defenders of Wildlife, and Animal Welfare Institute ("Plaintiffs") to request that the Court dismiss the above captioned matter with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

    In support of this Motion, Plaintiffs state as follows:

    1.    On October 17, 2013, Plaintiffs filed a Complaint, Dkt. #1, contending that Defendants Jim Cogdell, John Litton Clark, Joe C. Barker, III, Wes Seegars, Nat T. Harris, Jr.,

Joseph Budd, David W. Hoyle, Jr., Wendell (Dell) Murphy, Mark Craig, Thomas A. Berry, Garry Spence, John T. Coley, IV, Vernon (Ray) Clifton, Jr., Thomas L. Fonville, Richard Edwards, Michell Hicks, and Timothy L. Spear, in their official capacities as Commissioners of the North Carolina Wildlife Resources Commission, and Gordon S. Myers, in his official capacity as Executive Director of the North Carolina Wildlife Resources Commission ("Defendants"), were in violation of the federal Endangered Species Act of 1973 ("ESA"), 16 U.S.C. §§ 1531 et seq., and its implementing regulations, by authorizing coyote hunting in the five-county area of eastern North Carolina designated for the restoration of the endangered red wolf (hereinafter "Red Wolf Recovery Area").

2. On December 16, 2013, Plaintiffs sought a preliminary injunction enjoining Defendants from authorizing coyote hunting in the Red Wolf Recovery Area. Dkt. #38.

3. On May 13, 2014, the Court preliminarily enjoined coyote hunting in the Red Wolf Recovery Area pursuant to 15A NCAC 10B .0219. Dkt. #84.

4. The Parties underwent mediation on August 13, 2014, with a mutually agreed-upon mediator, Glenn T. Dunn of Poyner Spruill in Raleigh, North Carolina. The Parties reached substantial agreement at the August 13th session, and subsequently finalized a Settlement Agreement.

5. On October 22, 2014, the Parties jointly requested that the Court modify the preliminary injunction to reflect the terms in the Settlement Agreement and to stay the proceedings in this matter. Dkt. #102.

6. On November 12, 2014, the Court granted the joint motion for modification of the preliminary injunction and issued a stay of proceedings. Dkt. #105. The Court further ordered the Parties to provide status reports to the Court every six months for the duration of the stay. Id.

2

The Parties submitted such status reports every six months, with the most recent Joint Status Report being submitted on May 10, 2016. See Dkts. #109, #112, #113, #114.

7. Pursuant to paragraphs 1 and 7 of the Settlement Agreement, Defendants were required to initiate temporary and permanent rulemaking regarding its coyote hunting rules. On January 29, 2015, the Wildlife Resources Commission approved temporary rules regulating coyote hunting in the Recovery Area subject to the Court's Order, Dkt. #105, and initiated permanent rulemaking for those rules. On March 20, 2015, the proposed permanent coyote hunting rules were submitted to the North Carolina Rules Review Commission pursuant to N.C. Gen. Stat. § 150B-21.2.

8. The Rules Review Commission received more than 10 letters of objection in response to the proposed permanent coyote hunting rules. Therefore, pursuant to N.C. Gen. Stat. § 150B-21.3, the proposed rules did not become effective and were submitted for review to the North Carolina General Assembly during the 2016 legislative session.

9. The General Assembly adjourned on July 1, 2016, without passing a disapproval bill regarding the proposed permanent coyote hunting rules. Accordingly, the coyote hunting rules became effective as permanent rules on July 1, 2016.

10. As part of the Settlement Agreement, Dkt. #102-1, Plaintiffs agreed that if the rules set forth in the Agreement were adopted as temporary and final regulations within the timeline set in the Agreement "or within the soonest feasible time thereafter in the case of a delay unavoidable by Defendants," then "Plaintiffs shall, within 15 days of the effectiveness of such final regulations, move for voluntary dismissal of their action against Defendants with prejudice." Dkt. #102-1 at ¶ 2. The Parties further agreed that "[s]uch dismissal shall not prejudice Plaintiffs' ability to bring suit for any future violations of the ESA by the NCWRC

3

Commissioners or its Executive Director," and that "[i]n the event that Plaintiffs bring suit against Defendants for any future violations of the ESA related to their authorization of coyote hunting in the Red Wolf Recovery Area, this Agreement shall terminate and be null and void." Id.

Therefore, per the terms of the Settlement Agreement, Plaintiffs respectfully request that this Court enter an Order dismissing this action with prejudice.

Respectfully submitted this 15th day of July, 2016.

/s/ Ramona H. McGee
Ramona H. McGee
N.C. State Bar No. 47935
rmcgee@selcnc.org
Sierra B. Weaver
N.C. State Bar No. 28340
sweaver@selcnc.org
Derb S. Carter, Jr.
N.C. State Bar No. 10644
dcarter@selcnc.org

SOUTHERN ENVIRONMENTAL LAW CENTER
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2016, I electronically filed the foregoing Motion for Voluntary Dismissal with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to counsel for the Defendants.

This the 15th day of July 2016.

                                              /s/ Ramona H. McGee
                                              Ramona H. McGee